UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       No. 1:17-cr-60

        v.                              Hon. Paul L. Maloney
                                            United States District Judge

WILLIAM HUGH WILSON,

        Defendant.
_____/

## SENTENCING MEMORANDUM

The defendant, William Wilson, pleaded guilty to being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). He is scheduled for sentencing on October 18, 2017. The government submits this memorandum to address Wilson's outstanding objections to the presentence report.

### Factual Background

In December 2016, a reliable confidential informant made a controlled purchase of cocaine base from a person he/she knew as "Ace." (R.61: PSR, PageID.214, ¶ 14.) The purchase took place at a house located at 732 Hawley Street in Kalamazoo. (*Id.*) "Ace" was identified as Wilson by the informant. (*Id.*) Law enforcement obtained a search warrant for 732 Hawley Street in January 2017. (*Id.* at PageID.215, ¶ 16.) When the Hawley Street residence was searched, Wilson, Rodney Martin, and a third person were present. (*Id.*) Numerous guns, ammunition, cocaine, and marijuana were seized from the dining and living rooms. (*Id.*) Currency, drug paraphernalia, and items indicative of drug trafficking were also

seized. (*Id.* at PageID.215, ¶ 17.) The items consistent with drug trafficking included plastic bags, digital scales, lottery tickets, and a plate and razor blades covered with cocaine residue. (*Id.*)

Wilson and his codefendant, Martin, declined to speak to the officers executing the warrant. (*Id.* at PageID.215, ¶ 18.) The third person present spoke to police and said he lived at the Hawley address with Wilson and Martin. (*Id.*) He was aware of both Wilson and Martin selling cocaine base and had purchased the same from them. (*Id.*) He had also seen both Wilson and Martin handle the shotguns, but had no knowledge about the pistols in the house. (*Id.*)

An unrelated defendant told ATF agents that he knew Wilson and Martin during a proffer interview. (*Id.* at PageID.216, ¶ 23.) That person had known them as "Ace" and "Big Boy." (*Id.*) The unrelated defendant knew they had been selling drugs since 2004, and had seen Wilson with firearms on at least three occasions in 2016 on Hawley Street. (*Id.*) That person said that Wilson was from Detroit, which is corroborated by Wilson's self-reported personal data. (*Id.* at PageID.233-34.)

**Indictment and Plea**

A federal grand jury returned an indictment for Wilson and Martin, alleging three counts: being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g), possessing with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and possessing firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (R.20: Indictment, PageID.41-43.) Count one of the indictment also listed 18 U.S.C. § 924(e) in the statutory citations, as the

government was aware that Wilson qualified for the enhanced sentencing provided therein and wanted to provide notice to that effect. (*Id.* at PageID.41.)

Wilson pleaded guilty to count one of the indictment pursuant to a written plea agreement. (R.46: Plea Agreement, PageID.91-100.) The plea agreement also noted that Wilson "may be subject to the enhanced penalties provided in Title 18, United States Code, Section 924(e)(1)." (*Id.* at PageID.92, ¶ 3.)

In preparation for the sentencing hearing, a presentence report was prepared. (R.61: PSR, PageID.211-46.) The presentence report scored Wilson's advisory sentencing guidelines and noted that he "is an armed career criminal and subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e)." (*Id.* at PageID.220, ¶ 44.) The presentence report did not give Wilson a reduction in his offense level for acceptance of responsibility. (*Id.* at PageID.218, ¶¶ 31-32 and PageID.220, ¶ 46.) Wilson objects to both the designation as an armed career criminal and the denial of the acceptance of responsibility reduction. (*Id.* at PageID.243-45.)

## The Armed Career Criminal Statute

The statute designating armed career criminals is 18 U.S.C. § 924(e)(1), which reads in pertinent part, "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court … for … a serious drug offense … committed on occasions different from one another" is subject to enhanced penalties. Wilson has admitted violating section 922(g) but denies that he has three prior convictions for a serious drug offense.

A serious drug offense is defined to include "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance … for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Wilson has the following previous convictions, as noted in his presentence report:

- Controlled substance—delivery/manufacture less than 50 grams in the 9th Circuit Court for Kalamazoo County in 2002. (R.61: PSR, PageID.222, ¶ 55.)
- Controlled substance—delivery/manufacture less than 50 grams in the 9th Circuit Court for Kalamazoo County in 2006. (*Id.* at PageID.224, ¶ 60.)
- Controlled substance—delivery/manufacture less than 50 grams in the 31st Circuit Court for St. Clair County in 2007. (*Id.* at PageID.225, ¶ 63.)
- Controlled substance—delivery/manufacture less than 50 grams in the 31st Circuit Court for St. Clair County in 2007. (*Id.* at PageID.226, ¶ 64.)
- Controlled substance—possession with intent to deliver less than 50 grams of heroin in the 3rd Circuit Court for Wayne County in 2012. (*Id.* at PageID.228, ¶ 68.)

All of these convictions were under the laws of the State of Michigan. The Michigan law that prohibits delivery of controlled substances is Mich. Comp. Laws § 333.7401. It penalizes delivery of, or possession with intent to deliver, a schedule 1 or 2 narcotic in an amount less than 50 grams by imprisonment for not more than 20 years. Mich. Comp. Laws § 333.7401(2)(a)(iv). All of Wilson's convictions fall under this statute,

as he delivered cocaine base (crack cocaine) and heroin, which are narcotics, in amounts of less than 50 grams.

Wilson therefore has five convictions committed on different occasions. Each conviction was for delivery or possession with the intent to deliver a controlled substance in violation of Michigan law. Each was punishable by a maximum term of 20 years. Therefore, he has "three previous convictions by any court … for … a serious drug offense … committed on occasions different from each other."

Wilson argues that his prior convictions should not count as serious drug offenses because the amounts involved were small. (R.61: PSR, PageID.243.) However, the definition of serious drug offense as contained in § 924(e) defines a serious drug offense based on the type of conviction and the penalty the defendant faced, not the amount of drugs that were involved. *See* 18 U.S.C. § 924(e)(2)(A)(ii).

Wilson has pleaded guilty to being a felon in possession of firearms. The presentence report correctly ascertains that Wilson has had three or more serious drug convictions, committed on occasions different from one another. Given Wilson's current charge and criminal history, he qualifies as an armed career criminal and shall be "imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1).

## Acceptance of Responsibility

A defendant may obtain a reduction in his offense level by "clearly demonstrat[ing] acceptance of responsibility." U.S.S.G. § 3E1.1(a). Application Note 1(A) to that guideline points out "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a

5

manner inconsistent with acceptance of responsibility." A defendant bears the burden of proving by a preponderance of the evidence that a reduction for acceptance of responsibility is warranted. *United States v. Banks,* 252 F.3d 801, 806 (6th Cir. 2001).

The presentence report notes that Wilson "denied any knowledge of drug trafficking occurring and denied the firearms were possessed in furtherance of drug trafficking activities." (R.61: PSR, PageID.217, ¶ 29.) Wilson's denial about drug trafficking is belied by:

- the controlled buy of cocaine base from Wilson (*Id.* at PageID.214, ¶ 14),

- the cocaine and marijuana seized from the residence (*Id.* at PageID.215, ¶ 16),

- the plate, razors, scales, baggies, and lottery tickets consistent with the cutting, weighing, and packaging of narcotics, which were also seized from the house (*Id.* at PageID.215 ¶¶ 16-17),

- the statement of Wilson's roommate who knew Wilson sold cocaine and had purchased the same from Wilson (*Id.* at PageID.215, ¶ 19), and

- the statement of an unrelated defendant at a proffer about a familiarity with Wilson, his history of drug dealing, and his possession of weapons at Hawley Street (*Id.* at PageID.216, ¶ 23).

The presentence report concludes that by denying these allegations, "the defendant has denied relevant conduct the probation office believes to be true through a review of the evidence, and has acted in a manner inconsistent with

acceptance of responsibility." (*Id.* at PageID.244.) The Sixth Circuit has upheld the denial of an acceptance reduction where the defendant minimized his conduct, regardless of whether the denied conduct otherwise impacts his sentencing guidelines. *See United States v. Winters,* 247 F. App'x 665, 669 (6th Cir. 2007); *see also United States v. Flowers,* 476 F. App'x 55, 65 (6th Cir. 2012) (affirming a district court's denial of the acceptance reduction when, "[a]t sentencing, Flowers denied wrongful conduct—possessing a firearm … the district court reasoned that Flowers's possession of a firearm was a linchpin for effectuating the drug deal … the district court's reasoning [in denying acceptance] mirrors the approach counseled by the application notes").

The government concurs with the presentence report. Wilson's claim that he had no knowledge of drug trafficking and did not possess the firearms in furtherance thereof demonstrates that is not fully accepting responsibility; he is falsely denying relevant conduct. Therefore, the government agrees that the reduction in Wilson's offense level should not be granted under U.S.S.G. § 3E1.1(a).

Respectfully submitted,

ANDREW BYERLY BIRGE
Acting United States Attorney

Date: October 11, 2017

*/s/ Alexis M. Sanford*
ALEXIS M. SANFORD
Assistant United States Attorney
330 Ionia, N.W., Suite 501
Grand Rapids, MI 49503
(616) 456-2404

7