UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIAM HUGH WILSON,

    Defendant.

_____/

File No. 1:17-CR-60

HON. PAUL L. MALONEY

## **OPINION**

Before the Court is a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and supplement thereto, filed by Defendant William Hugh Wilson (ECF Nos. 99, 102). The Government has filed a response to the motion, arguing that the grounds for relief are meritless and/or procedurally defaulted. The Court agrees with the Government. Accordingly, the motion under § 2255 will be denied.

### **I. Background**

On January 5, 2017, Michigan authorities executed a search warrant at a residence in Kalamazoo, Michigan, after an informant purchased cocaine from that location on two occasions. The informant identified Defendant as the one who sold him cocaine during the first purchase. After entering the residence, police discovered four firearms—including two shotguns, a revolver and a pistol—as well as 5 grams of cocaine, digital scales, plastic baggies, a crack pipe, and razor blades. At the time, Defendant was a convicted felon. He had been convicted of possession with intent to deliver less than 50 grams of controlled substances, in violation of Mich. Comp. Laws § 333.7401(2)(a)(iv), on five previous occasions.

On February 23, 2017, a grand jury returned an indictment charging Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 1), as well as possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2).

On June 1, 2017, Defendant pleaded guilty to Count 1 in exchange for the dismissal of Count 2. Under a plea agreement, the Government agreed to recommend a sentence at the low end of the Sentencing Guidelines range, and to not oppose a reduction in Defendant's offense level for acceptance of responsibility. (Plea Agreement, ECF No. 46, PageID.94.)

The Final Presentence Investigation Report ("PIR") calculated Defendant's recommended range of sentence under the Sentencing Guidelines as 262 to 327 months, based on a total offense level of 34 and a criminal history category of VI. (PIR, ECF No. 61, PageID.246.) The PIR set the offense level at 34 because Defendant is an "armed career criminal" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *See* U.S.S.G. § 4B1.4 (2016) (setting the offense level at 34 for armed career criminals). Defendant had at least three prior convictions for a "serious drug offense," as that term is defined in 18 U.S.C. § 924(e)(2)(A). All five of his prior drug convictions are serious drug offenses because each of them was punishable by up to 20 years in prison. *See* Mich. Comp. Laws § 333.7401(2)(a)(iv).

The PIR determined that Defendant was not eligible for any credit for acceptance of responsibility (*see* PIR, PageID.220), but Defendant's counsel objected to that determination and the Court granted the objection. (Sentencing Tr., ECF No. 82, PageID.538.) Accordingly, the Court reduced the total offense level to 31, resulting in a sentencing range of 188 to 235 months. The Court sentenced Defendant near the bottom of the guidelines range to 204 months in prison.

Defendant appealed his sentence, arguing that the ACCA enhancement did not apply because his prior drug convictions involved small quantities of drugs and, thus, were not

"serious drug offenses." The Court of Appeals rejected that argument and affirmed this Court's judgment. *See United States v. Wilson*, No. 17-2324 (6th Cir. July 16, 2018). It also noted that Defendant had "knowingly and voluntarily" waived his right to appeal. *Id.*

Defendant now raises the following grounds for relief in his motion under § 2255 and supplement thereto:[1]

    I.     This court lacks subject matter jurisdiction over this case.

    II.    The plea in this matter is inadmissible evidence.

    III.   [Defendant's] prior state drug convictions do not qualify as a serious drug offense for (ACCA) enhancement.

(§ 2255 Motion, ECF No. 99, PageID.642, 643; Mot. to Supplement, ECF No. 102, PageID.711.)

## II. Standards

### A. Merits

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a

---

[1] The Court will grant Defendant's motion to supplement, and accepts the additional ground for relief in the supplement as part of the motion under § 2255.

3

"fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

### B. Evidentiary Hearing

The court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). No hearing is required if Defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quotation omitted).

### III. Analysis

### A. Jurisdiction

Defendant makes a number of patently frivolous arguments in support of his claim that the Court lacked subject matter jurisdiction over the case against him. Among other things, he contends that the Government did not have power to detain him because the indictment was not an "Act of Congress" under 18 U.S.C. § 4001(a). He also contends that the Court cannot try any offense unless it is committed "elsewhere out of the jurisdiction of any particular State," citing 18 U.S.C. § 3238. He contends that Congress only has power to "define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations," citing Article I, Section 8, Clause 10 of the Constitution. He contends that Michigan is not a place "purchased by the Consent of the Legislature," or a "Territory or other Property belonging to the United States," citing Article I, Section 8, Clause 17, and Article IV, Section 3, Clause 2 of the Constitution. He also contends that the United States has "invaded" Michigan, in violation of Article 4, Section 4

of the Constitution. He asserts that all laws contained in the United States Code are invalid for a variety of reasons. And he contends that 18 U.S.C. § 922(g) is invalid because it does not contain an enacting clause.

The foregoing arguments and others like them deserve little discussion. The Court had jurisdiction under 18 U.S.C. § 3231, which gives "district courts of the United States . . . original jurisdiction . . . of all offenses against the laws of the United States." *Id.* This Court is a district court of the United States.[2] The Government charged Defendant with violating 18 U.S.C. § 922(g), which is a law of the United States. That law was validly enacted under Congress' authority in the Commerce Clause of Article I, Section 8 of the Constitution. *See United States v. Henry*, 429 F.3d 603, 619-20 (6th Cir. 2005) (citing cases); *accord Holmes v. United States*, 281 F. App'x 475, 482 (6th Cir. 2008). The Constitution does not require the presence of an enacting clause for a law to be valid, but such a clause exists for § 922(g). *See* Omnibus Crime Control and Safe Streets Act of 1968, Pub. L. No. 90-351, 82 Stat. 197 (1968) (showing the enacting clause for the earliest version of § 922(g)). Thus, Defendant's arguments regarding jurisdiction are meritless.

Defendant complains that his attorney refused to raise the issue of jurisdiction, but counsel is not required to raise every possible issue presented by a defendant. An attorney "may exercise his professional judgment with respect to the viability of certain defenses and evidentiary matters without running afoul of the Sixth Amendment." *Lewis v. Alexander*, 11 F.3d 1349, 1353-54 (6th Cir. 1993). Moreover, attorneys are not obligated to raise "wholly meritless claims," like Defendant's assertion that this Court lacked jurisdiction. *See United States v. Martin*, 45 F. App'x

---

[2] Contrary to Defendant's assertion, the definition of "court of the United States" in 18 U.S.C. § 23 does not exclude this Court from the scope of 18 U.S.C. § 3231. "Title 18 U.S.C. § 23 merely clarifies that references within title 18 to the term 'court of the United States' also includes references to courts that are located within certain United States territories (i.e., the District Courts of Guam, the Northern Mariana Islands, and the Virgin Islands). The statute does not limit criminal jurisdiction to these specifically enumerated courts." *United States v. Proch*, Nos. 3:09cr35/MCR/EMT, 3:12cv297/MCR/EMT, 2015 WL 5245070, at *9 (N.D. Fla. June 19, 2015).

378, 381 (6th Cir. 2002). Accordingly, the failure of Defendant's attorney to challenge the Court's jurisdiction did not deprive Defendant of the effective assistance of counsel.

### B. Validity of Defendant's Plea

Defendant contends that his plea is invalid and "inadmissible" as evidence against him because his attorney misadvised him about the elements of the offense to which he pleaded guilty. 18 U.S.C. § 922(g) makes it unlawful for any person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year . . . to possess in or affecting commerce, any firearm or ammunition[,] or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). A person who "knowingly" violates § 922(g) is subject to imprisonment for up to 10 years. 18 U.S.C. § 924(a)(2).

The Supreme Court recently held that a person "knowingly" violates § 922(g) only when they know about their conduct (i.e., possessing a firearm) *and* their status (i.e., being a felon). *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019). In other words, "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.

Defendant asserts that he was not aware that he was barred from possessing a firearm. He contends that he was never "lawfully convicted" of drug offenses in the State of Michigan, and he believed that his "rights" were restored when he completed his probation for his drug offenses. (§ 2255 Motion, ECF No. 101, PageID.100-101.)

There are two claims embedded in Defendant's challenge to his plea. The first claim is that his plea is invalid because he received ineffective assistance of counsel in connection with the plea; his attorney misadvised him about the elements of his offense, impacting his decision

6

to plead guilty. The other claim is that his plea is invalid because he was not aware of one of the elements of the charge against him. The Court will examine each claim in turn.

### 1. Ineffective Assistance of Counsel

Defendant claims that his attorney misadvised him about the elements of his offense. His attorney did not inform him that, for a jury to find him guilty under § 922(g), the Government would have to prove that Defendant knew he was a felon when he possessed his firearms (i.e., he knew that at least one of his prior convictions was punishable by imprisonment for more than a year). The record of Defendant's proceedings does not indicate that Defendant ever received notice of this element of his offense before he entered his plea. Neither the plea agreement nor the Court in its plea colloquy mentioned it. The plea agreement and plea colloquy both focused on Defendant's knowledge that he possessed firearms, and the fact that Defendant's prior convictions were felonies. They did not tie the knowledge requirement of § 922(g) to Defendant's status as a felon.

Moreover, Defendant never admitted at his plea hearing that, at the time of his offense, he was aware that he was a felon. Nor did he admit that he was aware that he could not possess firearms due to his prior convictions. This is not a case in which the defendant's prior prison sentences gave him notice of his status. The longest prison sentence that Defendant ever received was 365 days in jail. (*See* PIR, PageID.221-230.) In *Rehaif*, the Supreme Court suggested that § 922(g)(1) would not apply to a person "who was convicted of a prior crime but sentenced only to probation, who does not know that his crime is '*punishable*' by imprisonment for a term exceeding one year.'" *Rehaif*, 139 S. Ct. at 2198.

Ironically, the strongest evidence in the record of Defendant's knowledge of his status is in his memorandum in support of his motion under § 2255, where he states that when he committed his federal offense, he "believed he was no longer a felon" and that "all of his rights

7

were restored" because his probation had ended. (Mem. in Supp. of § 2255 Mot., ECF No. 101, PageID.706.) In other words, by Defendant's own admission, he was aware that his prior convictions made him a felon. In addition, after his plea, Defendant allegedly admitted to the Government that "he possessed multiple firearms, and he knew it was illegal for him to possess firearms due to his prior felony convictions." (PIR, PageID.217.)

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

The two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Regarding the first prong, the court applies the same standard articulated in *Strickland* for determining whether counsel's performance fell below an objective standard of reasonableness. *Id.* In analyzing the prejudice prong, the focus is on whether counsel's constitutionally deficient performance affected

the outcome of the plea process.  "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id.* at 59.

Assuming Defendant's attorney did not inform him that the Government had to prove that he was aware that he had previously committed a felony when he possessed the firearms, Defendant cannot demonstrate ineffective assistance because counsel's advice was professionally reasonable.  It was consistent with the law at the time.  Before the Supreme Court's decision in *Rehaif*, the Court of Appeals for the Sixth Circuit repeatedly stated that, to prove a violation of § 922(g), the Government had to show that the defendant "had" a prior felony conviction and that he "knowingly" possessed a firearm.  *See, e.g.*, *United States v. Peete*, 781 F. App'x 427, 432 (6th Cir. 2019) (quoting *United States v. Brown*, 888 F.3d 829, 833 (6th Cir. 2018)); *United States v. Workman*, 755 F. App'x 533, 536 (6th Cir. 2018); *United States v. Farrad*, 895 F.3d 859, 871 (6th Cir. 2018); *United States v. Nelson*, 725 F.3d 615, 619 (6th Cir. 2013); *United States v. Morrison*, 594 F.3d 543, 544 (6th Cir. 2010).  The court of appeals never stated that the Government had to show that the defendant was aware of his status as a felon.  In fact, in several cases the court expressly held or stated that the knowledge requirement in § 922(g) only applied to the defendant's possession of a firearm or ammunition; it did not apply to the defendant's status as a felon.  *See United States v. Olender*, 338 F.3d 629, 636 (6th Cir. 2003) ("[T]he government does not have to prove that the defendant knew he was a felon, only that he knowingly possessed the ammunition."); *United States v. McCormick*, 517 F. App'x 411, 414 (6th Cir. 2013); *United States v. Davis*, 27 F. App'x 592, 600 (6th Cir. 2001); *see also United States v. Young*, 766 F.3d 621, 629 (6th Cir. 2014) (noting that the "knowledge element [in § 922(g)] extends to possession but not to the illegality of possession").  It was reasonable for Defendant's attorney to rely on governing precedent;

9

Defendant's attorney was "not ineffective for failing to predict the development of the law." *Thompson v. Warden, Belmont Corr. Inst*, 598 F.3d 281, 288 (6th Cir. 2010).

Defendant apparently believes that he could have defended himself against the felon-in-possession charge by showing one of the following: (1) his possession of firearms was legal because his state-court convictions were invalid; and (2) he did not know his possession of firearms was illegal because he believed that he was no longer a felon and that his rights had been restored because his probation had expired. Both defenses fall short, even after *Rehaif*.

As to the first defense, there is no support for Defendant's contention that the prior convictions are invalid,[3] but even if there are grounds to challenge them, the place to raise those challenges is in state court. As long as those convictions stand, he is subject to prosecution and conviction under § 922(g) for possessing a firearm.

Defendant's second defense—his belief that he was no longer a felon and that his right to possess firearms had been restored—is invalid because "it runs headlong into the venerable maxim that ignorance of the law is no excuse." *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019). The Government had to show that Defendant was aware of his "relevant status," i.e., that he was "a felon, an alien unlawfully in this country, or the like." *Rehaif*, 139 S. Ct. at 2194. It did not have to make the additional showing that Defendant knew he was "prohibited from possessing firearms under federal law." *Bowens*, 938 F.3d at 798. Defendant is expected to know the legal consequences of his prior felony convictions, including the fact that he cannot legally possess firearms and that he does not cease to be a felon when his sentences expire. Thus, for all the foregoing reasons, Defendant's ineffective assistance claim is meritless.

---

[3] Defendant asserts that the laws under which he was convicted do not contain an enacting clause, as required by the Michigan Constitution. He is mistaken. Defendant was convicted of offenses that are codified in The Public Health Code, Mich. Comp. Laws § 333.1101 et seq., which begins with the following statement: "The People of the State of Michigan enact:" 1978 Mich. Pub. Acts No. 368.

## 2. Direct Attack on the Plea

To the extent Defendant attacks the validity of his plea because he was not aware of one of the elements of an offense under § 922(g), his claim is procedurally defaulted because he did not raise it on appeal. A plea may be "constitutionally invalid" if neither the defendant, "nor his counsel, nor the court correctly understood the essential elements of the crime with which [the defendant] was charged." *Bousley v. United States*, 523 U.S. 614, 618 (1998). Nevertheless, "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Id.* at 621. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent[.]'" *Id.* at 622 (citations omitted) (quoting *Murray v. Carrier*, 477 U.S. 478, 485 (1986)).

Defendant does not allege any reason for failing to raise the issue on appeal. He was represented by counsel, who raised only one issue. Defendant cannot rely on the fact that the Sixth Circuit likely would have rejected his argument about the elements of a charge under § 922(g). "'[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.'" *Bousley*, 523 U.S. at 623 (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982) (internal quotation marks omitted)). This is not a case in which the claim was "'so novel that its legal basis [was] not reasonably available to counsel[.]'" *Id.* at 622 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). The cases cited in the previous section—*Olender*, *McCormick*, *Davis*, and *Young*—indicate that other defendants had litigated the issue of whether a defendant's knowledge of his status was a required element for a conviction under § 922(g). *See also United States v. Butler*, 637 F.3d 519, 524 (5th Cir. 2011) (citing cases examining the issue). Thus, this case is like *Bousley*, in which the Supreme Court held that an argument was available

to counsel because, "at the time of petitioner's plea, the Federal Reporters were replete with cases involving challenges" like the one the defendant failed to raise on appeal. *Bousley*, 523 U.S. at 622.

In addition, Defendant cannot rely on the fact that his appellate attorney did not raise the issue. Ineffective assistance of appellate counsel can constitute cause to excuse procedural default, *see Hodges v. Colson*, 711 F.3d 589, 602 (6th Cir. 2013), but Defendant's appellate counsel was not ineffective for the same reason that his trial counsel was not ineffective. At the time of Defendant's appeal, the Sixth Circuit had repeatedly held or implied that the Government did not need to prove a defendant's knowledge of his status to show that he was guilty under § 922(g). Thus, it was reasonable for counsel to not raise the issue on appeal.

Furthermore, Defendant is not entitled to the miscarriage-of-justice exception to procedural default because he has not shown that he is actually innocent. Actual innocence means that "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995). As discussed above, Defendant is a convicted felon and he has never contested his possession of the firearms. Moreover, he has indicated that he was aware of his status as a felon. Accordingly, there is no basis for concluding that Defendant is factually innocent of the charge of being a felon in possession of a firearm. Consequently, any challenge to his plea on the basis that he did not understand the elements of the charge against him is procedurally barred.

Finally, because Defendant has not asserted a valid basis for attacking his guilty plea in this proceeding, he cannot contend that his plea is "inadmissible" as evidence against him. The plea suffices as evidence of his guilt. *See United States v. Broce*, 488 U.S. 563, 569 (1989)

("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.").

For all the foregoing reasons, Defendant's challenges to his plea are either meritless or procedurally barred.

### C. ACCA Enhancement

Defendant argues that he no longer qualifies as an armed career criminal due to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The First Step Act modified the definition of "serious drug felony" in 21 U.S.C. § 802, which is a term used in Title 21 to set punishments for certain drug offenses. *See* 21 U.S.C. § 841. The term "serious drug felony" is not used in the ACCA. The ACCA uses a different term: "serious drug offense." *See* 18 U.S.C. § 924(e)(2)(A). The First Step Act did not modify the definition of "serious drug offense," or any other part of the ACCA. Thus, the First Step Act does not impact Defendant's sentence.

## IV. Conclusion

In summary, after considering Defendant's motion under § 2255 and supplement thereto, the Court finds that the grounds for relief are either meritless or procedurally defaulted. Moreover, no evidentiary hearing is warranted because the motion, files, and records of the case conclusively show that Defendant is not entitled to relief. Consequently, the Court will deny the motion under § 2255.

Under 28 U.S.C. § 2253(c), the Court must determine whether to issue a certificate of appealability. A certificate should issue if the movant has demonstrated "a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved of issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the

standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Under *Slack*, to warrant a grant of the certificate, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

When a motion to vacate sentence is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, that [1] jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Both showings must be made to warrant the grant of a certificate. *Id.*

The Court has carefully considered the issues under the *Slack* standard and concludes that reasonable jurists could not find that this Court's denial of Defendant's claims was debatable or wrong. Accordingly, the Court will deny a certificate of appealability.

An order and judgment will enter consistent with this Opinion.


Dated:  December 5, 2019                    /s/ Paul L. Maloney
                                                           Paul L. Maloney
  &nbsn;                                                       United States District Judge